**CONTINUATION OF CRIMINAL COMPLAINT**

I, Scott W. Gillespie, being duly sworn, depose and state the following:

1. I am a Deportation Officer with Immigration and Customs Enforcement (ICE) and have been since April, 2018. I am currently assigned to the Criminal Alien Program in Grand Rapids, Michigan. Prior to becoming a Deportation Officer, I was employed by Customs and Border Protection, Office of Border Patrol as a Border Patrol Agent. In June 2009 I attended and completed the Border Patrol Academy at the Federal Law Enforcement Training Center in Artesia, New Mexico. This twenty-week academy included training in criminal investigations and case management, constitutional law, federal criminal law, interviewing, search and seizure, investigating drug offenses, and conducting surveillance operations. It also included training in immigration law, determination of U.S. citizenship, immigration statutory authority, customs law, investigative methods of drug smuggling, human smuggling, and human trafficking.

2. This affidavit is submitted in support of the finding of probable cause that Juan GONZALEZ-Almaguer was found in the United States without authorization after he had been removed subsequent to his conviction of an aggravated felony, in violation of 8 U.S.C. § 1101(a)(43), and is, therefore, a summary of facts known to me.

3. Juan Gonzalez-Almaguer is a sixty-year-old male, native and citizen of Mexico, who last entered the United States at or near an unknown place, on or about an unknown date without begin admitted, inspected, or paroled by an Immigration Officer.

4. On March 19, 1966, the United States Border Patrol (USBP) near Brownsville, TX arrested GONZALEZ and his mother and granted them a Voluntary Return to Mexico.

5. On July 26, 1969, the USBP near Progreso, TX arrested GONZALEZ and his father and granted them a Voluntary Return to Mexico.

6. On May 18, 1988, the United States District Court - Southern District of Texas - Corpus Christi Division, convicted GONZALEZ under the name Hector IBARRA Rosales for the offense of Conspiracy with intent to Distribute Marijuana and sentenced him to a term of 5 years' probation.

       This an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), (U).

7. On May 18, 1990, the USBP in Brownsville, TX encountered and arrested GONZALEZ under the name Hector IBARRA Rosales and determined he had illegally entered the U.S. without inspection and issued him Form I-221S Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien.

8. On August 17, 1990, the United States District Court - Southern District of Texas - Brownsville Division, convicted GONZALEZ for the offense of Falsely Representing Himself as a U.S. Citizen and sentenced him to a term of 12 months imprisonment and 1 year supervised release.

9. On February 14, 1992, an Immigration Judge in El Paso, TX ordered GONZALEZ removed from the U.S. to Mexico.

10. On February 14, 1992, the Immigration and Naturalization Service (INS) removed GONZALEZ to Mexico via El Paso, TX.

11. On December 18, 1996, the 10th Circuit Court in Saginaw, MI convicted GONZALEZ under the name Rene MARISCAL for the offense of Manufacture/Delivery Marijuana and sentenced him to a term of 4 years imprisonment. Case 96-012077. This is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).

12. On December 18, 1996, the 10th Circuit Court in Saginaw, MI convicted GONZALEZ under the name Rene MARISCAL for two separate offenses of Felonious Assault and sentenced him to a term of 4 years imprisonment. Case 96-012559.

13. On December 18, 1996, the 10th Circuit Court in Saginaw, MI convicted GONZALEZ under the name Rene MARISCAL for the offense of Felonious Assault and sentenced him to a term of 4 years imprisonment. Case 96-012490.

14. On December 19, 2002, the USBP in Holland, MI encountered and arrested GONZALEZ and determined he has illegally reentered the U.S. without inspection. Agents served him an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5). The USBP prosecuted GONZALEZ for reentry.

15. On July 17, 2003, the United States District Court - Western District of Michigan, convicted GONZALEZ for the offense of Illegal Reentry Subsequent to a Conviction for an Aggravated Felony and sentenced him to a term of 70 months imprisonment and 3 years supervised release. This conviction is an aggravated felony under 8 U.S.C. § 1101(a)(43)(O).

16. On January 30, 2008, ICE removed GONZALEZ to Mexico via El Paso, TX.

17. On October 21, 2009, the U.S. Citizenship and Immigration Service received Form N-600 Application for Certificate of Citizenship submitted by GONZALEZ.

18. On December 2, 2009, the United States District Court - Eastern District of Michigan, convicted GONZALEZ for the offense of Uttering Counterfeit Obligations and Securities and sentenced him to a term of 18 months imprisonment and 2 years supervised release.

19. On December 2, 2009, the United States District Court - Eastern District of Michigan, Revoked Supervised Release for GONZALEZ for violating condition 3, "the defendant shall not commit another federal, state or local crime" and sentenced him to a term of 18 months imprisonment consecutive.

20. On April 21, 2011, USCIS denied Form N-600 Application for Certificate of Citizenship submitted by GONZALEZ.

21. On April 27, 2011, ERO in Oakdale, LA encountered GONZALEZ while in custody at the Federal Correctional Institute in Yazoo City and served him an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5).

22. On May 05, 2011, ERO removed GONZALEZ to Mexico via Brownsville, TX.

23. On May 23, 2011, the USCIS received Form I-290B Notice of Appeal or Motion submitted by GONZALEZ.

24. On February 24, 2014, ERO Grand Rapids, MI arrested GONZALEZ after his release from local custody at the Oceana County Jail and determined he

had illegally reentered the U.S. without inspection. Agents served him an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5). ERO prosecuted GONZALEZ for reentry.

25. On June 19, 2014, the USCIS Administrative Appeals Office denied Form I-290B Notice of Appeal or Motion submitted by GONZALEZ.

26. On October 6, 2014, the United States District Court - Western District of Michigan, convicted GONZALEZ for the offense of Illegal Reentry Subsequent to a Conviction for an Aggravated Felony and sentenced him to a term of 60 months imprisonment. This is an aggravated felony under 8 U.S.C. § 1101(a)(43)(O).

27. On July 11, 2018, ERO in Santa Monica, CA arrested GONZALEZ after his release from the United States Bureau of Prisons custody and served him a new I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5).

28. On July 11, 2018, ERO removed GONZALEZ to Mexico via San Ysidro, CA.

29. On January 28, 2024, local authorities arrested GONZALEZ in Oceana County, Michigan.

30. On May 31, 2024, ERO Grand Rapids arrested GONZALEZ after his release from local custody at the Oceana County Jail and served him an I-871 indicating intent to reinstate the prior order of removal pursuant to INA section 241(a)(5). ICE searched his fingerprints in government electronic systems resulting in a positive match for Juan GONZALEZ Almaguer, DOB X/XX/1964, AXXX XXX 503, a previously removed alien.

31. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

32. ICE officers reviewed immigration file records and Department of Homeland Security electronic records, indicating that Juan GONZALEZ Almaguer AXXX XXX 503, did not obtain the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States.

33. Based on the above information, I submit there is probable cause to conclude that GONZALEZ Almaguer is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).